**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | | |
|---|---|---|
| John Doe, on behalf of a minor child, Jane Doe, | ) ) ) | C/A No:  3:25-cv-13446-MGL |
| Plaintiff, | ) ) | |
| v. | ) ) | **COMPLAINT** |
| South Carolina Public Charter School District; and GREEN Charter School Board. | ) ) ) | |
| Defendants. | ) ) ) | |

Plaintiff John Doe, on behalf of a minor child, Jane Doe, (hereinafter "Plaintiff"),[1] brings this action against Defendant South Carolina Public Charter School District (hereinafter "Defendant SCPCSD") and GREEN Charter School Board (hereinafter "Defendant GREEN"), collectively ("Defendants") for Defendants' violations of Jane Doe's rights under Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. §1681, *et seq.* and violations of her substantive due process rights under the Fourteenth Amendment to the U.S. Constitution, pursuant to 42 U.S.C. § 1983.

## <u>INTRODUCTION</u>

1.     This is a civil rights action brought by John Doe on behalf of a minor child, Jane Doe, a student at the GREEN Charter School who a school official targeted, exploited, and abused.

2.     Defendant SCPCSD, as the sponsor of GREEN Charter School, was statutorily required to conduct oversight and supervise Defendant GREEN and GREEN Charter School

---

[1] Given the nature of the subject matter as well as the potential for harm implicit in the identification of a minor sex abuse victim, Plaintiff in this matter will be identified only as John Doe and the Minor Child will be identified only as Jane Doe. *See B.R. v. F.C.S.B.*, 17 F.4th 485 (4th Cir. 2021).

Midlands, as well as ensure their compliance with the law.  However, Defendant SCPCSD engaged in a policy, pattern, and/or practice of failing to supervise Defendant GREEN and GREEN Charter School Midlands, failing to ensure their employees were trained regarding their responsibilities under Title IX, and failing to ensure their employees were trained regarding sexual abuse and mandatory reporting and/or engaged in a pattern and practice of deliberate indifference towards sexual assault.

3.      Defendant GREEN, as governing body of GREEN Charter School Midlands, was responsible for the operation and management of GREEN Charter School Midlands.  However, Defendant GREEN engaged in a policy, pattern, and/or practice of failing to supervise its employees, failing to implement appropriate policies regarding Title IX, sexual abuse, and mandatory reporting, failing to ensure their employees were trained regarding their responsibilities under Title IX, and failing to ensure their employees were trained regarding sexual abuse and mandatory reporting and/or engaged in a pattern and practice of deliberate indifference towards sexual assault.

4.      Plaintiff seeks recovery for the significant damage Jane Doe has suffered because of Defendants' violations of her civil and constitutional rights.

## **PARTIES**

5.      Plaintiff John Doe is the father of minor Jane Doe and a resident of Richland County, South Carolina.  Jane Doe, a resident of Richland County, South Carolina, was a minor at the time she suffered sexual abuse, assault, exploitation, harassment, and discrimination.

6.      Defendant South Carolina Public Charter School District is a public charter school district organized under the laws of the State of South Carolina, with its principal place of business in Richland County, South Carolina.  SCPCSD is a recipient of federal funds within the meaning

of 20 U.S.C. §1681, *et seq*. and is the sponsor for Defendant GREEN and GREEN Charter School Midlands.

7.      Defendant GREEN is the governing body of the GREEN Charter Schools System, which includes GREEN Charter School Midlands.  Defendant GREEN is organized under the laws of the State of South Carolina, with its principal place of business in Greenville County, South Carolina.  Defendant GREEN is a recipient of federal funds within the meaning of 20 U.S.C. §1681, *et seq*.

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as this case arises under federal law, specifically Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 et seq. and 42 U.S.C. § 1983.

9.      This Court has supplemental jurisdiction over the state claims against Defendant GREEN pursuant to 28 U.S.C. § 1367 because those claims arise under the same facts as those over which the Court has original jurisdiction as described in the preceding paragraph.

10.      This Court has personal jurisdiction over Defendants as they reside in this District and their acts and/or omissions complained of occurred within this District.

11.      Venue is proper in the District of South Carolina, Columbia Division, pursuant to 28 U.S.C. § 1391(b)(1) & (2), as Defendant SCPCSD resides in Richland County, and the acts or omissions complained of occurred within Richland County.

## FACTUAL ALLEGATIONS

12.      At all times relevant to this Complaint, Defendant GREEN was the governing body for the GREEN Charter School System, which operates multiple charter schools throughout South Carolina, including GREEN Charter School Midlands.

13.     At all times relevant to this Complaint, Defendant SCPCSD has been the sponsor for Defendant GREEN and GREEN Charter School Midlands.

14.     Pursuant to S.C. Code Ann. § 59-40-55, Defendant SCPCSD, as the sponsor for Defendant GREEN and GREEN Charter School Midlands, had a statutory duty supervise and monitor Defendant GREEN and GREEN Charter School Midlands, conduct oversight, and ensure these entities' compliance with the law, to include taking corrective actions to remedy deficiencies in such compliance.

15.     Defendant SCPCSD was aware of the risks of sexual assault of students in its sponsored schools, as well as the risks of failing to work with its sponsor schools to establish policies and train employees to recognize, address, and report instances of abuse.

16.     However, notwithstanding such knowledge, Defendant SCPCSD engaged in a policy, pattern, and/or practice of failing to supervise Defendant GREEN and GREEN Charter School Midlands, failing to ensure they had appropriate policies in place regarding Title IX, sexual assault, and mandatory reporting of child abuse, failing to ensure their employees were trained regarding their responsibilities under Title IX, and failing to ensure their employees were trained regarding sexual abuse and mandatory reporting and/or engaged in a pattern and practice of deliberate indifference towards sexual assault of students.

17.     Defendant GREEN was similarly aware of the risks of sexual assault of students within its schools, including GREEN Charter School Midlands, as well as the risks of failing to establish policies and train employees to recognize, address, and report instances of abuse.

18.     However, notwithstanding this knowledge, Defendant GREEN engaged in a policy, pattern, and/or practice of failing to supervise its employees, including those at GREEN Charter School Midlands, failing to implement appropriate policies regarding Title IX, sexual assault, and

4

mandatory reporting of child abuse, failing to ensure their employees were trained regarding their responsibilities under Title IX, and failing to ensure their employees were trained regarding sexual abuse and mandatory reporting and/or engaged in a pattern and practice of deliberate indifference towards sexual assault of students.

19.     Jane Doe first began attending GREEN Charter School Midlands when she started kindergarten.

20.     During the 2024-25 school year, Jane Doe was in fourth grade at GREEN Charter School Midlands.  Jane Doe started the school year as a nine (9) year old and turned ten (10) during the school year.

21.     During her fourth-grade year, Jane Doe and her younger brother participated in the GREEN Charter School Midlands after-school program, which takes place on school grounds and is operated by school employees.

22.     At this time, Sulaymaan Benoit was the director of GREEN Charter School Midlands's after-school program.

23.     At some point during the fall semester, Benoit began sexually assaulting Jane Doe during the after-school program.

24.     Some instances of abuse involved Benoit putting one arm around Jane Doe and use his other hand to fondle her breasts.

25.     Other instances of abuse involved Benoit insisting that he needed to "help" Jane Doe off the playground equipment. In "helping" Jane Doe off the equipment, Benoit would reach up and grab Jane Doe's breast with one hand, her crotch with the other hand, and lift her off the equipment.

26.    Benoit engaged in such conduct and behaviors against Jane Doe consistently and the instances were too numerous to count.

27.    However, upon information and belief, no employees of GREEN Charter School Midlands ever reported Benoit's inappropriate conduct toward Jane Doe to law enforcement and/or internal reports regarding his conduct were not acted on.

28.    Moreover, beginning in 2023, Benoit assaulted and engaged in similar behaviors towards numerous other children in the GREEN Charter School Midlands's after-school program.

29.    Notably, Benoit engaged in such conduct on school grounds, against multiple students, during the after-school programs hours, and in view of the other after-school employees.

30.    Defendant GREEN's sexual abuse policy contains the following guidance:

- Maintain a safe and appropriate physical distance with all students;

- If any type of physical contact with a student is required, it should be done so openly and with the consent of the student. Physical contact should not be intrusive or disturbing in any manner.

- If an employee observes any inappropriate behavior involving a student, they must take appropriate action to see that the behavior is stopped immediately.

- If an employee observes or learns of any suspected violations of this policy, they must notify a supervisor immediately.

31.    The policy further identifies the following as prohibited acts:

- Any display or demonstration of sexual abuse, insinuation of abuse, or evidence of abusive conduct toward a student.

- Sexual advances or sexual activity.

- Infliction of physically abusive behavior or bodily injury to a student.

- Engaging in inappropriate physical contact with a student.

32.     Defendant GREEN's sexual abuse policy also indicates that all employees or individuals assigned to work with students will "be introduced to the definition of abuse and neglect, signs to watch for, and trained in how to report an incident."

33.     However, upon information and belief, despite witnessing Benoit's conduct toward Jane Doe and other students, none of Defendant GREEN's employees reported Benoit for his inappropriate touching and sexual assaults of Jane Doe or any other student.

34.     Additionally, upon information and belief, any internal reports regarding Benoit's behavior were not acted on by Defendant GREEN's administrators.

35.     The failure of any of Defendant GREEN's employees to report Benoit's inappropriate and consistent touching of Jane Doe and other students, occurring on school grounds and during after-school program hours, is evidence of Defendant SCPCSD and Defendant GREEN's failure to supervise, train, and implement policies related to Title IX, sexual abuse, and mandatory reporting and/or evidence of their deliberate indifference to sexual abuse of students at GREEN Charter School Midlands.

36.     At some point, Plaintiff noticed that Benoit was consistently mean to Jane Doe's brother, but was exceedingly nice to Jane Doe.

37.     Due to this conduct and Plaintiff's observations of Benoit, Plaintiff felt that Benoit was "creepy" and had concerns about his interactions with Jane Doe.

38.     Plaintiff thereafter had a conversation with Jane Doe to ask if Benoit behaved in an inappropriate manner and to explain what types of conduct school employees should not engage in.  Jane Doe did not disclose any abuse at this time.

39.    On January 30, 2025, the parents of a student at GREEN Charter School Midlands reported to the school's principal, Dr. Tina Shaw, that their child had been inappropriately touched by Benoit.

40.    Thereafter, Benoit was suspended from his position at GREEN Charter School.

41.    Pursuant to S.C. Code Ann. § 63-7-310, as the principal of GREEN Charter School Midlands, Dr. Shaw is a mandatory reporter with an individual duty to report child abuse to law enforcement or the Department of Social Services ("SCDSS"). This duty arose when Dr. Shaw received information giving her reason to believe that a child had been abused.

42.    However, Dr. Shaw did not immediately report the abuse to law enforcement or SCDSS.

43.    Dr. Shaw's failure to immediately report the abuse to law enforcement or SCDSS is evidence of Defendant SCPCSD and Defendant GREEN's failure to supervise, train, and implement policies related to Title IX, sexual abuse, and mandatory reporting and/or evidence of their deliberate indifference to sexual abuse of students at GREEN Charter School Midlands.

44.    Notably, Defendant GREEN's policy regarding reporting suspected child abuse does not encourage immediate reporting of suspected abuse to law enforcement or SCDSS. Rather, the policy provides

> A "mandated reporter" (reporter) under South Carolina law is a person required to report any suspected or known cases learned of in their professional capacity. Typically, reporters have contact with children throughout their employment (e.g., teachers and social workers). Mandated reporters are individually responsible for reporting suspected abuse or neglect. **These employees/reporters must report their suspected child abuse belief immediately to their appropriate supervisor, principal, guidance counselor, and/or the school social worker**. These GREEN representatives will then work with the employee to contact the appropriate law enforcement and social services agencies.

As such, Defendant GREEN's policy encourages its employees to first report suspected child abuse internally rather than immediately reporting the same to law enforcement or SCDSS.

45.     Accordingly, rather than immediately report the abuse to the appropriate authorities, Dr. Shaw reached out to Defendant GREEN's Director of Human Resources, consistent with Defendant GREEN's child abuse reporting policy.

46.     Defendant GREEN's Director of Human Resources is a member of Defendant GREEN's Executive Leadership Team.

47.     While corresponding with the HR Director, Dr. Shaw asked if she could delay informing the school's school resource officer out of purported concerns regarding the officer maintaining confidentiality.  At that time, Defendant GREEN Charter School Midlands's school resource officer was a deputy with the Richland County Sheriff's Department.

48.     Rather than encouraging Dr. Shaw to report the abuse allegations immediately or assisting her to do so, Defendant GREEN's HR Director informed Dr. Shaw that it was appropriate to delay sharing the information until they had further insight into what occurred.

49.     The HR Director's failure to encourage Dr. Shaw to report the abuse and condoning of Dr. Shaw's withholding of such information is evidence of Defendant SCPCSD and Defendant GREEN's failure to supervise, train, and implement policies related to Title IX, sexual abuse, and mandatory reporting and/or evidence of their deliberate indifference to sexual abuse of students at GREEN Charter School Midlands.

50.     Upon information and belief, other employees of GREEN Charter School who witnessed abuse, including those who are mandatory reporters, reported such abuse to a supervisor rather than law enforcement or SCDSS.  Upon information and belief, such instances of abuse were not reported or otherwise disclosed to law enforcement or SCDSS.

51. On or about January 31, 2025, Dr. Shaw began her own internal investigation into the allegations of abuse against Benoit. In the course of her investigation, Dr. Shaw solicited statements from three student witnesses, of which one disclosed that Benoit had sexually assaulted her as well.

52. However, despite allegations of abuse against Benoit from a second student, Dr. Shaw did not immediately report the abuse to law enforcement or SCDSS.

53. Dr. Shaw's failure to report that two separate students had alleged abuse against Benoit is evidence of Defendant SCPCSD and Defendant GREEN's failure to supervise, train, and implement policies related to Title IX, sexual abuse, and mandatory reporting and/or evidence of their deliberate indifference to sexual abuse of students at GREEN Charter School Midlands.

54. On February 3, 2025, Dr. Shaw asked the school resource officer to review available video evidence regarding Benoit.

55. However, Dr. Shaw still did not report the allegations of abuse to law enforcement or SCDSS.

56. To the contrary, law enforcement did not become aware of the allegations against Benoit until a parent reported the allegations to the Irmo Police Department on February 6, 2025.

57. On or about February 25, 2025, Jane Doe approached Plaintiff and informed him that Benoit was getting fired. When Plaintiff asked Jane Doe why, Jane Doe indicated that it was because he had done something inappropriate.

58. Plaintiff then asked Jane Doe if Benoit had ever been inappropriate with her. Jane Doe was hesitant to report everything she knew, as she had concerns about Benoit being sent to prison. At this point, Jane Doe told Plaintiff that Benoit had touched her chest, but not her breast aera.

59.    On February 26, 2025, Benoit was arrested and charged with multiple counts of third-degree criminal sexual conduct.  That same day, Dr. Shaw was arrested and charged with failure to report child abuse.

60.    On October 28, 2025, Benoit was arrested again and charged with first-degree criminal sexual conduct with a minor under 11 for sexual abuse of a student in the after-school program occurring between August 2023 and May 2024.

61.    Following the February arrests, Jane Doe's teacher informed her class that Benoit and Dr. Shaw had been arrested.  The teacher then told her students they could speak with her and encouraged them to disclose any abuse that had occurred.  At this point, Jane Doe fully disclosed the extent of her abuse to her teacher.

62.    During the course of their investigation, the Irmo Police Department determined that Benoit had sexually abused at least seven (7) total children aged five (5) to twelve (12) during the 2023-24 school year.

63.    Upon information and belief, Benoit sexually abused numerous other children between 2023 and 2025.

64.    On the day of the arrests, Defendant GREEN's executive director, Tom Cronin, sent a letter to the parents of students at GREEN Charter School Midlands defending Dr. Shaw, asserting that "Dr. Shaw has proven herself to be an outstanding leader who cares deeply about our students at GREEN."

65.    On February 27, 2025, Defendant GREEN held an emergency meeting to address the situation and provide information to student parents, including Plaintiff.

66.    However, pursuant to the meeting minutes, Defendant GREEN began the meeting at 7:00 p.m., voted to enter executive session at 7:07p.m., and remained in executive session until

9:04 p.m. Thereafter, Defendant GREEN thanked the parents for joining the meeting and indicated that there were no items for Defendant GREEN to vote on before adjourning the meeting at 9:05 p.m. Defendant GREEN did not provide parents with any information regarding what happened, did not answer any questions, and did not indicate whether they were cooperating with law enforcement or taking steps to rectify the situation.

67.    The following day, Executive Director Cronin sent another letter to parents, this time minimizing and attempting to excuse Dr. Shaw's failure to report. Director Cronin's email provided, in pertinent part,

> On Thursday, January 30, 2025, Principal Shaw met with a family (through an interpreter) to hear their complaint of inappropriate touching by Sulaymaan Benoit. Principal Shaw suspended Benoit that day and subsequently terminated him. **She confirmed with the family on January 31 that they had reported their concerns to the Irmo Police Department.** On Monday, February 3, Principal Shaw asked the School Resource Officer to review the available video evidence in order to provide it to the Irmo Police. When the Irmo Police contacted the school on February 6, 2025, GREEN provided full access to the available information including video footage. **Principal Shaw has been charged with misdemeanor failure to report, when the Irmo Police and the School Resource Officer were notified within two school days.** Principal Shaw will remain on administrative leave through the resolution of this matter.

68.    Director Cronin has additionally stated publicly that Defendant GREEN "thought [Dr. Shaw] did her job."

69.    Director Cronin's minimizing of Dr. Shaw's withholding of child abuse allegations for over a week and his defense of her conduct is evidence of Defendant SCPCSD and Defendant GREEN's failure to supervise, train, and implement policies related to Title IX, sexual abuse, and mandatory reporting and/or evidence of their deliberate indifference to sexual abuse of students at GREEN Charter School Midlands.

70.    Moreover, Director Cronin's reliance on the victim's parents purported report to law enforcement is further evidence of such failures and deliberate indifference.

71.     Notably, pursuant to S.C. Code Ann. § 63-7-310, a mandatory reporter has an individual duty to report suspected child abuse.  As such, another individual's purported reporting of abuse does not relieve a mandatory reporter of their duty to report the abuse to law enforcement or SCDSS.

72.     Director Cronin's assertion that the abuse had been reported has no bearing on Dr. Shaw's individual duty to report. As such, Director Cronin's ignorance of the mandatory reporting duties incumbent on a school principal demonstrates that Defendant GREEN's failure to supervise, train, and implement policies related to Title IX, sexual abuse, and mandatory reporting and/or their deliberate indifference to sexual abuse of students at GREEN Charter School Midlands extended all the way to the head of its Executive Leadership Team.

73.     Following her arrest, Defendant GREEN has paid for Dr. Shaw's criminal defense attorney.

74.     Conversely, no one from Defendant GREEN has reached out to Plaintiff or Jane Doe to offer services or otherwise help Jane Doe to recover and move past the harm inflicted on her by Benoit.

75.     As a result of Benoit's sexual abuse of Jane Doe, she has suffered significant physical, mental, and emotional harm.  Such mental and emotional harm includes Jane Doe's crippling fear of sleeping in her own room and issues with wetting the bed.

### FOR A FIRST CAUSE OF ACTION
### VIOLATION OF TITLE IX, 20 U.S.C. § 1681(a)
### (*against Defendant SCPCSD & Defendant GREEN*)

76.     Plaintiff repeats and realleges the factual allegations contained in paragraphs 1-75 as if fully restated herein.

77. Plaintiff alleges violations of Title IX against Defendant SCPCSD and Defendant GREEN due to their deliberate indifference to sex-based discrimination.

78. Pursuant to 20 U.S.C. § 1681(a), "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance . . ."

79. Defendant SCPCSD is a recipient of federal funding.

80. Defendant SCPCSD is a public charter school district which receives federal financial assistance for its educational programs and activities.

81. Defendant GREEN is a public charter school system sponsored by Defendant SCPCSD and uses the federal funding received from Defendant SCPCSD to implement policies, programs, and other educational programs and activities for its students.

82. Plaintiff is a protected "person" under Title IX.

83. Title IX covers all programs and activities, and extends to sexual harassment and assault by employees, students, and third parties.

84. Pursuant to S.C. Code Ann. § 59-40-55, Defendant SCPCSD, as the sponsor for Defendant GREEN and GREEN Charter School Midlands, had a statutory duty supervise and monitor Defendant GREEN and GREEN Charter School Midlands, conduct oversight, and ensure these entities' compliance with the law, to include taking corrective actions to remedy deficiencies in such compliance.

85. Pursuant to Title IX, Defendant SCPCSD and Defendant GREEN were required to promulgate policies and train employees to identify, address, and report instances of sexual harassment and assault occurring at GREEN Charter School Midlands.

86.     As set forth herein, because of the failures of Defendant SCPCSD and Defendant GREEN, Benoit was empowered and enabled to launch a campaign of sexual harassment and assault against numerous children between 2023 and 2025, and seven (7) children, including Jane Doe, over the course of several months during the 2024-25 school year.

87.     The failures, acts, and omissions of Defendant SCPCSD and Defendant GREEN including, without limitation, failing to implement appropriate policies regarding Title IX and child sexual abuse, failing to implement appropriate policies regarding the reporting of suspected child sexual abuse, failing to train employees of GREEN Charter School Midlands on recognizing and/or identifying child sexual abuse, failing to train employees of GREEN Charter School Midlands on reporting instances of child sexual abuse to law enforcement or SCDSS, encouraging employees to report instances of child sexual abuse internally rather than immediately reporting the same to law enforcement or SCDSS, and failing to supervise the employees of GREEN Charter School Midlands created, fostered, and contributed to a system-wide failure where a predator was allowed to harass and assault numerous children between 2023 and 2025 and seven (7) children, including Jane Doe, over the course of several months during the 2024-25 school year.

88.     At the same time that Benoit was victimizing children on the GREEN Charter School Midlands campus, Defendant SCPCSD and Defendant GREEN knew of their obligations under Title IX and were publicly, by and through their own failures and silence, holding themselves out as compliant with Title IX by publicly presenting themselves as:

      a.  endeavoring to provide a safe and healthy educational environment free from sexual harassment and misconduct;

      b.  having rigorous and public nondiscrimination, anti-harassment, and Title IX policies;

    c.   engaging in a zero-tolerance policy against sexual abuse;

    d.   requiring mandatory training on recognizing and/or identifying signs of child abuse; and

    e.   having a policy regarding mandatory reporting of child abuse.

89.    As a direct and proximate result of Defendant SCPCSD and Defendant GREEN's acts and omissions, Jane Doe has sustained injuries and damages, including, but not limited to, physical and emotional injuries; loss of her fundamental constitutional rights; mental and emotional distress, including anxiety, mental anguish, humiliation and embarrassment; educational loss; economic loss and other incidental expenses; loss of future earning capacity; psychological damage; and loss of the ordinary pleasures of everyday life.

90.    Plaintiff therefore seeks a judgment for damages directly and proximately resulting from the conduct set forth herein, and for such additional damages as this court may determine.

**FOR A SECOND CAUSE OF ACTION**
**VIOLATION OF TITLE IX, 20 U.S.C. § 1681(a)**
**Deliberate Indifference**
***(against Defendant SCPCSD & Defendant GREEN)***

91.    Plaintiff repeats and realleges the factual allegations contained in paragraphs 1-90 as if fully restated herein.

92.    Defendant SCPCSD is a recipient of federal funding.

93.    Defendant SCPCSD is a public charter school district which receives federal financial assistance for its educational programs and activities.

94.    Defendant GREEN is a public charter school system sponsored by Defendant SCPCSD and uses the federal funding received from Defendant SCPCSD to implement policies, programs, and other educational programs and activities for its students.

95.    Plaintiff is a protected "person" under Title IX.

96.     Title IX covers all programs and activities, and extends to sexual harassment and assault by employees, students, and third parties.

97.     Pursuant to S.C. Code Ann. § 59-40-55, Defendant SCPCSD, as the sponsor for Defendant GREEN and GREEN Charter School Midlands, had a statutory duty supervise and monitor Defendant GREEN and GREEN Charter School Midlands, conduct oversight, and ensure these entities' compliance with the law, to include taking corrective actions to remedy deficiencies in such compliance.

98.     Pursuant to Title IX, Defendant SCPCSD and Defendant GREEN were required to promulgate policies and train employees to identify, address, and report instances of sexual harassment and assault occurring at GREEN Charter School Midlands.

99.     Moreover, pursuant to Defendant GREEN's own policies and procedures, the employees of GREEN Charter School Midlands were required to safeguard against sexual misconduct and assault on their campus, and were further responsible for reporting instances of sexual misconduct and assault to law enforcement or SCDSS.

100.    As set forth herein, at all times relevant to this Complaint, Defendant SCPCSD and Defendant GREEN failed to implement appropriate policies regarding Title IX and child sexual abuse, failed to implement appropriate policies regarding the reporting of suspected child sexual abuse, failed to train employees of GREEN Charter School Midlands on recognizing and/or identifying child sexual abuse, failed to train employees of GREEN Charter School Midlands on reporting instances of child sexual abuse to law enforcement or SCDSS, encouraged employees to report instances of child sexual abuse internally rather than immediately reporting the same to law enforcement or SCDSS, and failed to supervise the employees of GREEN Charter School Midlands, which created, fostered, and contributed to a system-wide failure where a predator was

allowed to harass and assault numerous children between 2023 and 2025 and seven (7) children over the course of several months during the 2024-25 school year, including Jane Doe. Notably, as it relates to at least one victim of Benoit, multiple employees of Defendant GREEN failed to report an instance of sexual abuse, agreeing instead to withhold the information from law enforcement and SCDSS. Such conduct is demonstrative of Defendant SCPCSD and Defendant GREEN's deliberate indifference towards sexual abuse and their failures to implement appropriate policies and training.

101.    Plaintiff reasonably expected Defendant SCPCSD and Defendant GREEN to comply with the mandates of Title IX, and further expected Defendant GREEN to comply with its own represented policies. Plaintiff could not have known, nor should not have known, that these Defendants would disregard the same.

102.    Had Defendant SCPCSD and Defendant GREEN appropriately enacted and implemented policies regarding Title IX, sexual abuse, and mandatory reporting to which they paid lip service, trained the employees of GREEN Charter School Midlands on such policies, and supervised such employees, Benoit would not have been able to sexually assault numerous children between 2023 and 2025 and seven (7) children, including Jane Doe, over the course of several months during the 2024-25 school year, on school grounds, during after school program hours, and in the presence of other school employees.

103.    As previously set forth, Defendant SCPCSD and Defendant GREEN knew the risks of sexual abuse and failing to implement policies and training to combat the same, or operated with a reckless disregard for such risks and the rights of students at GREEN Charter School Midlands, including Jane Doe.

104.    Defendant GREEN additionally exercised control over Benoit and his access to victims through his employment with GREEN Charter School Midlands.  Defendant GREEN exercised further control over Benoit, as his assaults, including those against Jane Doe, occurred on school grounds, during after school program hours, and in the presence of other school employees.

105.    Notwithstanding their knowledge of the risks of sexual abuse at GREEN Charter School Midlands, Defendant SCPCSD and Defendant GREEN failed to carry out their duties to implement appropriate Title IX, sexual abuse, and mandatory reporting policies, to train the employees of Defendant GREEN on such policies, and to supervise such employees.

106.    Similarly, as the entities with ultimate control over the conduct of GREEN Charter School Midlands, Defendant SCPCSD and Defendant GREEN failed to take action to ensure appropriate enforcement of Title IX requirements and prevention of sexual abuse during the operative timeframe.

107.    The conduct set forth herein amounts to deliberate indifference to sexual misconduct and abuse.

108.    Benoit's sexual harassment and assault was so severe, pervasive, and objectively offensive that it effectively barred Jane Doe's access to educational opportunities and benefits.

109.    As a direct and proximate result of Defendant SCPCSD and Defendant GREEN's acts and omissions, Jane Doe has sustained injuries and damages, including, but not limited to, physical and emotional injuries; loss of her fundamental constitutional rights; mental and emotional distress, including anxiety, mental anguish, humiliation and embarrassment; educational loss; economic loss and other incidental expenses; loss of future earning capacity; psychological damage; and loss of the ordinary pleasures of everyday life.

110.    Plaintiff therefore seeks a judgment for damages directly and proximately resulting from the conduct set forth herein, and for such additional damages as this court may determine.

**FOR A THIRD CAUSE OF ACTION**
**VIOLATION OF TITLE IX, 20 U.S.C. § 1681(a)**
**Heightened Risk – Institutional Policy of Deliberate Indifference**
(*against Defendant SCPCSD & Defendant GREEN*)

111.    Plaintiff repeats and realleges the factual allegations contained in paragraphs 1-110 as if fully restated herein.

112.    Defendant SCPCSD is a recipient of federal funding.

113.    Defendant SCPCSD is a public charter school district which receives federal financial assistance for its educational programs and activities.

114.    Defendant GREEN is a public charter school system sponsored by Defendant SCPCSD and uses the federal funding received from Defendant SCPCSD to implement policies, programs, and other educational programs and activities for its students.

115.    Plaintiff is a protected "person" under Title IX.

116.    Title IX covers all programs and activities, and extends to sexual harassment and assault by employees, students, and third parties.

117.    Pursuant to S.C. Code Ann. § 59-40-55, Defendant SCPCSD, as the sponsor for Defendant GREEN and GREEN Charter School Midlands, had a statutory duty supervise and monitor Defendant GREEN and GREEN Charter School Midlands, conduct oversight, and ensure these entities' compliance with the law, to include taking corrective actions to remedy deficiencies in such compliance.

118.    Pursuant to Title IX, Defendants were required to promulgate policies and train employees to identify, address, and report instances of sexual harassment and assault occurring at GREEN Charter School Midlands.

119.    As stated herein, Defendant SCPCSD and Defendant GREEN were aware of the risks of sexual abuse in school and of the risks of failing to implement appropriate policies and training regarding sexual abuse.

120.    However, during the 2024-25 school year, Benoit was able to routinely harass and abuse at least seven (7) children on GREEN Charter School Midlands's campus, during after school program hours, and in the presence of other school employees.  Benoit was further able to engage in abuse against numerous children between 2023 and 2025.  Benoit engaged in such conduct, undeterred and unreported, for several years before a parent finally made a report to law enforcement.

121.    Accordingly, Defendant SCPCSD and Defendant GREEN maintained a policy of deliberate indifference toward sexual misconduct and abuse, through but not limited to the following actions and inactions:

    a.  failing to implement appropriate policies regarding Title IX and child sexual abuse;

    b.  failing to implement appropriate policies regarding the reporting of suspected child sexual abuse;

    c.  failing to train employees of GREEN Charter School Midlands on recognizing and/or identifying child sexual abuse;

    d.  failing to train employees of GREEN Charter School Midlands on reporting instances of child sexual abuse to law enforcement or SCDSS;

    e.  encouraging employees to report instances of child sexual abuse internally rather than immediately reporting the same to law enforcement or SCDSS; and

    f.  failing to supervise the employees of GREEN Charter School Midlands.

122.    The conduct set forth herein amounts to an institutional policy of deliberate indifference to sexual misconduct and abuse, leading to a heightened risk of sexual abuse being perpetrated upon Jane Doe.

123.    The heightened risk occurred in a context subject to Defendant SCPCSD and Defendant GREEN's control.

124.    As a result of Defendant SCPCSD and Defendant GREEN's institutional policy of deliberate indifference, Jane Doe suffered harassment and abuse that was so severe, pervasive, and objectively offensive that it deprived her of access to the educational opportunities or benefits provided by GREEN Charter School Midlands.

125.    The failures set forth herein directly and proximately resulted in harm to Jane Doe through subjecting her to a heightened risk of sexual misconduct and abuse.

126.    As a direct and proximate result of Defendant SCPCSD and Defendant GREEN's acts and omissions, Jane Doe has sustained injuries and damages, including, but not limited to, physical and emotional injuries; loss of her fundamental constitutional rights; mental and emotional distress, including anxiety, mental anguish, humiliation and embarrassment; educational loss; economic loss and other incidental expenses; loss of future earning capacity; psychological damage; and loss of the ordinary pleasures of everyday life.

127.    Plaintiff therefore seeks a judgment for damages directly and proximately resulting from the conduct set forth herein, and for such additional damages as this court may determine.

**FOR A FOURTH CAUSE OF ACTION**
**VIOLATION OF 42 U.S.C. § 1983**
**Violation of Substantive Due Process Rights to Education**
**and Bodily Integrity in Violation of the Fourteenth Amendment**
**and Monell v. Department of Social Services of City of New York**
(*against Defendant GREEN*)

128.    Plaintiff repeats and realleges the factual allegations contained in paragraphs 1-127 as if fully restated herein.

129.    Jane Doe and her parents entrusted Defendant GREEN and GREEN Charter School Midlands with the care, safety, and education of Jane Doe.

130.    Jane Doe has a constitutional interest in her education and bodily integrity.

131.    Jane Doe was deprived of these rights by Defendant GREEN despite Defendant GREEN maintaining policies that should protect students like Jane Doe.

132.    Defendant GREEN maintained and maintains policies related to Title IX, sex abuse, and mandatory reporting.

133.    Notably, however, Defendant GREEN's mandatory reporting policy encourages employees to report instances of sexual abuse internally rather than immediately reporting the same to law enforcement or SCDSS.

134.    Moreover, the failures of Defendant GREEN's employees to identify Benoit's consistent sexual abuse of multiple students and the failures of multiple employees to report abuse to law enforcement or DSS, as well as Defendant GREEN's defense of such failures, is evidence of a failure to train and/or deliberate indifference to sexual abuse at GREEN Charter School Midlands.

135.    At all relevant times, Defendant GREEN had knowledge of the risks of sexual abuse occurring in school and the risks of failing to implement appropriate policies and training to address such abuse.

136.    Defendant GREEN's deliberate indifference to the risks of sexual abuse at GREEN Charter School Midlands is demonstrated by:

    a.    failing to implement appropriate policies regarding Title IX and child sexual abuse;

b.  failing to implement appropriate policies regarding the reporting of suspected child sexual abuse;

c.  failing to train employees of GREEN Charter School Midlands on recognizing and/or identifying child sexual abuse;

d.  failing to train employees of GREEN Charter School Midlands on reporting instances of child sexual abuse to law enforcement or SCDSS;

e.  encouraging employees to report instances of child sexual abuse internally rather than immediately reporting the same to law enforcement or SCDSS; and

f.  failing to supervise the employees of GREEN Charter School Midlands.

137.  Through these failures, Defendant GREEN has not only failed to protect Jane Doe from this egregious harm, but also failed to protect numerous children between 2023 and 2024, including at least six (6) other students at GREEN Charter School Midlands who were victimized by Benoit during the 2024-25 school year.

138.  Defendant GREEN's pattern and practice of not implementing, following, or training its employees on policies related to Title IX, sexual abuse, and mandatory reporting demonstrates an unofficial custom or policy of deliberate indifference.

139.  Defendant GREEN objectively acted in a manner to permit, condone, and promote Benoit's access to victims, including Jane Doe.

140.  Defendant GREEN's conduct was objectively and subjectively unreasonable.

141.  Defendant GREEN's actions, which enabled Benoit to consistently assault multiple children during an after-school program over the course of several years, caused Jane Doe serious and devastating violations of her bodily integrity; significant and permanent bodily, emotional, and financial harm; and were so egregious as to shock the conscience.

24

142.    As a direct and proximate result of Defendant GREEN's acts and omissions, Jane Doe has sustained injuries and damages, including, but not limited to, physical and emotional injuries; loss of her fundamental constitutional rights; mental and emotional distress, including anxiety, mental anguish, humiliation and embarrassment; educational loss; economic loss and other incidental expenses; loss of future earning capacity; psychological damage; and loss of the ordinary pleasures of everyday life.

143.    Plaintiff therefore seeks a judgment for damages directly and proximately resulting from the conduct set forth herein, and for such additional damages as this court may determine.

**FOR A FIFTH CAUSE OF ACTION**
**GROSS NEGLIGENCE**
**(*against Defendant GREEN*)**

144.    Plaintiff repeats and realleges the factual allegations contained in paragraphs 1-143 as if fully restated herein.

145.    This is an action for gross negligence brought against Defendant GREEN under the laws of the State of South Carolina.

146.    This cause of action is brought pursuant to the South Carolina Tort Claims Act, S.C. Code Ann. §§ 15-78-10, *et seq*.

147.    At all times relevant to this complaint, the employees of GREEN Charter School Midlands, including Benoit, were employees and/or agents of Defendant GREEN and were acting within the course and scope of their employment, in furtherance of the interests of Defendant GREEN, and with Defendant GREEN's knowledge and consent.

148.    Defendant GREEN is liable for the actions and omissions of its employees and/or agents that gave rise to this action.

149.     Defendant GREEN by and through its employees and agents, owed a duty to Jane Doe, including the special duty to her while acting *in loco parentis*, to act in a prudent and reasonable manner with regard to her health and safety in the following particulars, to wit:

    a.   to supervise its GREEN Charter School Midlands employees;

    b.   to implement appropriate policies regarding Title IX and child sexual abuse;

    c.   to implement appropriate policies regarding the reporting of suspected child sexual abuse;

    d.   to train employees of GREEN Charter School Midlands on recognizing and/or identifying child sexual abuse; and

    e.   to train employees of GREEN Charter School Midlands on reporting instances of child sexual abuse to law enforcement or SCDSS;

150.     Upon information and belief, prior to the incident involving Jane Doe, Defendant GREEN had customs or policies of the following, which upon information and belief still exist at this time:

    a.   failing to supervise the employees of GREEN Charter School Midlands;

    b.   failing to implement appropriate policies regarding Title IX and child sexual abuse;

    c.   failing to implement appropriate policies regarding the reporting of suspected child sexual abuse;

    d.   failing to train employees of GREEN Charter School Midlands on recognizing and/or identifying child sexual abuse;

    e.   failing to train employees of GREEN Charter School Midlands on reporting instances of child sexual abuse to law enforcement or SCDSS; and

     f.   encouraging employees to report instances of child sexual abuse internally rather than immediately reporting the same to law enforcement or SCDSS.

151.    The aforementioned failures amounted to violations of non-discretionary and non-delegable duties owed to the students of GREEN Charter School Midlands.

152.    As such, Defendant GREEN breached its duties, including ministerial duties, owed to Jane Doe.

153.    Defendant GREEN's failure to reprimand and intervene and/or take corrective action against its employees or within GREEN Charter School Midlands is evidence that Defendant GREEN ratified and promulgated staff misconduct and the conditions inside the GREEN Charter School Midlands, and provides further evidence of its breach of duties owed to the students at GREEN Charter School Midlands, including Jane Doe.

154.    Defendant GREEN's continued and repeated failures as described herein resulted in its authorized employees breaching the duty they owed by showing an absence of care and/or willfully, wantonly, and recklessly disregarding the life and bodily integrity of Jane Doe by failing to implement appropriate policies regarding Title IX and child sexual abuse, failing to implement appropriate policies regarding the reporting of suspected child sexual abuse, failing to train employees of GREEN Charter School Midlands on recognizing and/or identifying child sexual abuse, failing to train employees of GREEN Charter School Midlands on reporting instances of child sexual abuse to law enforcement or SCDSS, encouraging employees to report instances of child sexual abuse internally rather than immediately reporting the same to law enforcement or SCDSS, failing to supervise the employees of GREEN Charter School Midlands, and failing to prevent Benoit from assaulting children, which created, fostered, and contributed to a system-wide failure where a predator was allowed to harass and assault numerous children between 2023 and

2025 and seven (7) children over the course of several months during the 2024-25 school year, including Jane Doe.

155.    Defendant GREEN knew or should have known of the dangers posed by its failures illustrated in this Complaint, and that said actions and inactions were reckless and/or constituted the total absence of care likely to result in violations of a student's rights, and as such were reasonably foreseeable.

156.    Defendant GREEN, by and through its duly authorized employees, owed a duty to Jane Doe to be reasonable in the management and conduct of GREEN Charter School Midlands.

157.    Defendant GREEN, by and through its authorized employees, breached duties owed to Jane Doe by failing to implement appropriate policies regarding Title IX and child sexual abuse, failing to implement appropriate policies regarding the reporting of suspected child sexual abuse, failing to train employees of GREEN Charter School Midlands on recognizing and/or identifying child sexual abuse, failing to train employees of GREEN Charter School Midlands on reporting instances of child sexual abuse to law enforcement or SCDSS, encouraging employees to report instances of child sexual abuse internally rather than immediately reporting the same to law enforcement or SCDSS, failing to supervise the employees of GREEN Charter School Midlands, and failing to prevent Benoit from assaulting children.

158.    Each act or omission detailed in this matter constitutes a separate occurrence.

159.    Defendant GREEN's actions and omissions, by and through its authorized employees, were unreasonable, constituted the total absence of care, and breached duties owed to Jane Doe and actually and proximately contributed to and/or caused the severe injuries sustained by Jane Doe.

160.     Plaintiff is entitled to Judgment against Defendant GREEN for damages as to be determined by the triers of fact in this case.

## JURY DEMAND

**WHEREFORE**, Plaintiff demands a trial by jury and respectfully requests that this Court award the following damages, jointly and severally against Defendants, as provided by Federal and South Carolina law and the United States Constitution, including but not limited to the following:

    a.   Compensatory, actual, and consequential damages to Plaintiff;

    b.   Costs of this action and attorney's fees to Plaintiff for the civil rights causes of action under 42 U.S.C. § 1988;

    c.   Loss of past and future support and services with interest;

    d.   Loss of earnings capacity;

    e.   Punitive damages; and

    f.   Such other and further relief as this Court may deem appropriate.


Respectfully submitted, this 18th day of November, 2025.

**STROM LAW FIRM, LLC**

_s/ Bakari T. Sellers_
Bakari T. Sellers (SC Fed. ID # 11099)
Mario A. Pacella (SC Fed. ID # 7538)
Amy E. Willbanks (SC Fed. ID # 13537)
Alexandra Benevento (SC Fed. ID # 10734)
Matthew B. Robins (SC Fed. ID # 13313)
6923 N. Trenholm Road, Suite 200
Columbia, South Carolina 29206
Phone: (803) 252-4800
Email: bsellers@stromlaw.com
        mpacella@stromlaw.com

awillbanks@stromlaw.com
abenevento@stromlaw.com
mrobins@stromlaw.com

*Attorneys for Plaintiff*